## STEWART v. RICHEY.

In Debt.

On the question whether an Administrator or Executor should sue in his own name, or in his representative character, the true rule is this: that in all cases where the Executor or Administrator has the action, *in the right of his testator or intestate,* that is, where the action accrued, to the deceased, in his life-time; and also, where the action has accrued, to the Executor or Administrator, since the death of the Testator or Intestate, either upon contract express or implied, made with the Testator or Intestate, or for an injury done to the property of the Testator or Intestate, in his life-time; there, the Executor or Administrator must sue in his representative character: But where the action accrues *to* the Executor or Administrator, upon a contract made by or with him, *as such,* since the death of the Testator or Intestate; or for an injury done to, or a conversion of the property of the Testator or Intestate, in the hands or possession of the Executor or Administrator after the death of the Testator or Intestate, there the action may and ought to be brought in the proper name of the Executor or Administrator, describing himself to be such; but not *as* Executor or Administrator.

This is an action on an arbitration bond given by the defendant and others to the plaintiff *as Administrator of John Richey, deceased,* whereby the defendant and his co-obligors became jointly and severally bound to the plaintiff, in the penal sum therein mentioned ; conditioned for the performance on the part of the defendant, of an award to be made of and concerning certain matters in difference between the plaintiff *as such* Administrator as aforesaid, and the defendant and his co-obligors, or some of them.

The first count is general, as on a money bond ; the second count sets out the condition, an award made, and assigns breaches.    The defendant, after craving oyer, and setting out the bond in the first count mentioned, and the condition thereof, demurred to the whole declaration.

*William Halsted,* in support of demurrer.
*Williamson, contra.*

HORNBLOWER, C. J.  The reasons assigned for demurrer, and relied upon by the defendant's counsel are, *First,* that the Bond was given to the plaintiff, as administrator (or, one of the administrators) of John Richey, deceased ; and yet that the action is brought by the plaintiff in his own name, and not as administrator ; and *Secondly,* that there was no mutuality between the

parties, inasmuch as the plaintiff as administrator, or as one of the administrators, had no power to make such bond, or to bind his co-administrator or the estate of their intestate, thereby.— But neither of these objections have any foundation in law. As to the first, the action is rightly brought by the plaintiff in his own name. He might indeed have called himself " Thomas G. Stewart, administrator of &c." for the purpose of describing himself; but such description was unnecessary. If he had sued, *as* administrator, it would have been wrong; or the addition of those words would have been surplusage, and he would have been liable to costs, notwithstanding he had thought proper to sue in his representative character. The true rule was laid down by this court, in *Norcross* v. *Boulton, admr. &c.* (1 *Harr. R.* 310), or rather, is to be collected from what was there said, and from the cases there cited. It is : that in all cases where the Executor or Administrator has the action, *in the right of his testator or intestate;* that is, where the action accrued, to the deceased in his life-time; and also, where the action has accrued to the Executor or Administrator, since the death of the Testator or Intestate, either upon contract express or implied, made with the testator or Intestate ; or for an injury done to the property of the Testator or Intestate, in his life-time; there, the Executor or Administrator must sue in his representative character : But where the action accrues *to* the Executor or Administrator upon a contract made by or with him, *as such,* since the death of the Testator or Intestate; or for an injury done to, or a conversion of the property of the Testator or Intestate, in the hands or possession of the Executor or Administrator, after the death of the Testator or Intestate, there the action may and ought to be brought in the proper name of the Executor or Administrator, describing himself to be such ; but not *as* Executor or Administrator.

As to the want of mutuality, I cannot discover wherein it lies. It is true, the plaintiff could not bind his co-administrator, but he was competent to bind himself, and he has done so effectually. If the award had been in favor of the defendant, establishing a debt due to him from the estate of the Intestate, he would upon this bond, have had his action against the plaintiff, not as administrator, it is true, but against him in his own right, and a judgment for debt and costs, *de bonis propriis.* The demurrer

must be overruled and Judgment entered for the plaintiff, with costs.

FORD, WHITE, DAYTON, and NEVIUS, Justices, concurred.

*Judgment for plaintiff, with costs.*